UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSE JACKSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:05CV1090 JCH |
| DON ROPER, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Jose Jackson's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On December 1, 2000, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of second-degree murder and one count of armed criminal action. Petitioner was sentenced to concurrent terms of fifteen years and three years imprisonment, respectively. Petitioner's conviction and sentence were affirmed on appeal. State v. Jackson, 77 S.W.3d 662 (Mo. App. 2002). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Jackson v. State, 160 S.W.3d 420 (Mo. App. 2005).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four grounds for relief:

(1) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to present in the motion for new trial a claim of error

concerning the trial court sustaining the State's objection to Petitioner's closing argument;

(2) That Petitioner received ineffective assistance of trial counsel, in that trial counsel did not allow Petitioner to testify at trial;

(3) That the 29.15 motion court erred in issuing insufficient findings of fact and conclusions of law; and

(4) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to request an instruction on lessor included offenses.

(Doc. No. 1, PP. 4-5, 7-9). The Court will address Petitioner's claims in turn.

## DISCUSSION

**A**. **Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The Court's review of the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

B.  **Non-Cognizable Claim**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 3 of his petition, Petitioner claims the post-conviction motion court erred in issuing insufficient findings of fact and conclusions of law. (Doc. No. 1, PP. 5, 8). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317. See also Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir.), cert. denied, 451 U.S. 990 (1981). Petitioner's claim that the post-conviction motion court failed to issue sufficient findings of fact and conclusions of law is collateral to his conviction and detention, and therefore is not cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317. Ground 3 is denied.

C.  **Procedural Bar**

In Ground 4 of his petition, Petitioner alleges he received ineffective assistance of trial counsel, in that trial counsel failed to request an instruction on lessor included offenses. (Doc. No. 1, PP. 5, 8-9). A review of the record reveals that, while Petitioner may have raised Ground 4 in his pro se post-conviction motion, (Resp. Exh. B, P. 4), he pursued the claim in neither his amended post-conviction motion, nor his appeal of the denial of that motion. (See Resp. Exh. B, PP. 24-40;

Resp. Exh. H). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claim in state court proceedings, the claim is defaulted and he is procedurally barred from pursuing it here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for his failure to raise the claim in state court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Petitioner's claim of ineffective assistance of trial counsel raised in Ground 4 of the instant petition is therefore procedurally defaulted and will be denied.

**D.      Claims Addressed On The Merits**

    **1.      Ground 1**

In Ground 1 of his petition, Petitioner claims he received ineffective assistance of trial counsel, in that trial counsel failed to present in the motion for new trial a claim of error concerning the trial court sustaining the State's objection to Petitioner's closing argument. (Doc. No. 1, PP. 4, 7). Petitioner raised the underlying claim of trial court error in his direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> In his sole point relied on, [Petitioner] argues the trial court erroneously sustained the prosecutor's objections to his closing argument. He contends that his

argument was proper as it merely urged the jury to determine whether he acted reasonably.

As [Petitioner] acknowledges, our review of this point is confined to a plain error review under Rule 30.20 because [Petitioner] failed to raise the matter in his motion for new trial. See, State v. Watts, 813 S.W.2d 940, 943 (Mo. App. E.D. 1991). "Plain error is evident, obvious and clear error." State v. Long, 925 S.W.2d 220, 222 (Mo. App. E.D. 1996). Further, relief will be granted under the plain error rule only when the error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. State v. Fleer, 851 S.W.2d 582, 592 (Mo. App. E.D. 1993). The [Petitioner] bears the burden of demonstrating that the action of the trial court resulted in manifest injustice. State v. Isa, 850 S.W.2d 876, 884 (Mo. banc 1993). A mere showing of prejudice will not suffice. Id.

*We find no error, plain or otherwise.* The trial court properly sustained the State's objections to defense counsel's closing argument, because he improperly personalized his argument to the jury. Personalization results when the jurors are asked to place themselves in the shoes of a party or the victim or place themselves at the crime scene. State v. Rhodes, 988 S.W.2d 521, 528 (Mo. banc 1999). Such arguments may be improper because they can cause fear in the jury and, thus, can cause the jury to abandon reason in favor of emotion. Id.

Here, defense counsel asked the jury to place themselves in [Petitioner's] shoes. At least three times, counsel improperly asked the jury to place themselves at the crime scene and consider what they would do in [Petitioner's] place. Specifically, counsel queried, "if that happened to you, do you know what your reaction would be?" and "what do you do to defend your home?" Because these questions risked causing the jury to abandon reason, we cannot condemn the trial court's decision to sustain the prosecutor's objections to it.

In addition, [Petitioner] was not prejudiced by the trial court's ruling, even if it was erroneous. Despite the ruling, defense counsel was able to argue that [Petitioner] was not guilty because he acted reasonably under the circumstances. This argument did not trigger an objection until defense counsel personalized it by adding, "what do you do to defend your home?" After the objection was sustained, defense counsel immediately continued his argument but without personalization, arguing "what's a reasonable person to do to defend their home?"

Similarly, defense counsel advanced his argument by making the following nonpersonalized statements: (1) "you have to wrestle with the decision of involuntary manslaughter or whether [Petitioner's] action was reasonable"; (2) "would it be reasonable for somebody to react?"; and (3) "at that moment, and I think it was discussed in jury selection, what's a reasonable person to do?" As such, we do not find that the trial court's ruling did not have a decisive adverse effect upon the

outcome of the trial. See, State v. Storey, 40 S.W.3d 898, 910 (Mo. banc 2001). Point denied.

(Resp. Exh. E, PP. 4-5 (emphasis added)). The 29.15 motion and appellate courts then denied Petitioner's claim of ineffective assistance of trial counsel based on this alleged error. (See Resp. Exh. B, PP. 44-48; Resp. Exh. J).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner fails to satisfy the second prong of the Strickland test, i.e., demonstrating that his trial counsel's allegedly deficient performance was prejudicial. Specifically, the Court finds Petitioner suffered no prejudice, as the Missouri Court of Appeals reviewed Petitioner's claim for error, not plain error, despite his failure to include the claim in a motion for new trial. (See Resp. Exh. E, P. 4). Further, the Missouri state court's ruling was not contrary to clearly established federal law. See Newlon v. Armontrout, 885 F.2d 1328 (8th Cir. 1989), cert. denied, 497 U.S. 1038 (1990). Petitioner's request for habeas relief on this ground must therefore be denied.[1]

### 2. **Ground 2**

In Ground 2 of his petition, Petitioner claims he received ineffective assistance of trial counsel, in that trial counsel did not allow Petitioner to testify at trial. (Doc. No. 1, PP. 4, 7). After the 29.15 motion court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his 29.15 motion. The Missouri Court of Appeals then denied the claim as follows:

> In his second point, [Petitioner] argues the motion court erred in denying his Rule 29.15 motion because he was denied his absolute right to testify in his own defense. We disagree.
>
> The right to testify is a fundamental constitutional guarantee that is personal to a criminal defendant. *Howard v. State*, 59 S.W.3d 586, 588-89 (Mo. App. E.D. 2001). Only the defendant is empowered to waive the right and the waiver should be made voluntarily and knowingly. *Id.* The final authority to make certain fundamental

---

[1] In light of the Court's above ruling, it need not consider whether trial counsel's performance was deficient.

decisions in criminal cases, such as whether to testify, rests with the defendant and cannot be made by counsel. Trial counsel's advice to his client about whether or not to testify is a matter of trial strategy, which barring exceptional circumstances, is not a ground for post-conviction relief. *State v. Silas*, 885 S.W.2d 716, 722 (Mo. App. W.D. 1994).

No record, regarding [Petitioner's] right to testify, was made at trial. At the evidentiary hearing, [Petitioner] testified he told his attorneys he wanted to testify at trial. [Petitioner] testified his attorneys told him he did not need to testify and advised him testifying could hurt his case. [Petitioner] testified he accepted the advice of his attorneys and was never told it was his decision whether or not to testify. [Petitioner's] attorneys testified they discussed with [Petitioner] the pros and cons of whether or not he should testify at trial and explained he had the right to testify and the ultimate decision belonged to him.

In denying [Petitioner's] motion, the motion court found both attorneys testified they discussed with [Petitioner] at length whether he should testify and they did not force or coerce [Petitioner] not to testify. Further, the motion court found counsel testified [Petitioner] made the decision not to testify after receiving advice from counsel. The motion court concluded [Petitioner] failed to allege or establish facts which, if true, would entitle him to relief.

Here, the motion court had before it conflicting testimony regarding [Petitioner's] decision to testify. In reaching its conclusions, the motion court was therefore required to make determinations regarding the credibility and weight to be accorded to each witness's testimony. The motion court did not make an express credibility finding; however, it would have had to disbelieve [Petitioner's] testimony to find against him on this issue.

The motion court is not required to believe the testimony of any witness, including [Petitioner], at an evidentiary hearing, even if it is uncontradicted. *Colbert v. State*, 7 S.W.3d 471, 474 (Mo. App. W.D. 1999). In reviewing the lower court's decision, we must defer to that court's credibility determinations. *Id.* Accordingly, we find the motion court did not clearly err in denying his Rule 29.15 motion. [Petitioner's] second point is denied.

(Resp. Exh. J, PP. 3-5 (footnote omitted)).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. Specifically, in reviewing the record before it, the Court does not find the 29.15 motion court's implicit credibility determination, "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(2). Thus, in accepting that ruling, this Court necessarily finds Petitioner fails to satisfy the first prong of the Strickland test, i.e., that his trial counsel's performance was deficient. Rather, the credibility determination establishes that Petitioner's attorneys correctly presented him with the choice of whether or not to testify. The Court therefore holds trial counsel's actions were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690. Petitioner's request for habeas relief on this ground must therefore be denied.[2]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[2] Again, in light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Petitioner suffered prejudice.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).


Dated this 14th day of December, 2006.


                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE